POWERS KIRN, LLC
By:  Karina Velter
ID# 94781
8 Neshaminy Interplex, Suite 215
Trevose, PA  19053
Telephone: 215-942-2090
Attorney for Movant / 23-0685

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Milagros E. Ortiz<br><br>                                    Debtor | Chapter 13 Proceeding<br><br>25-11085 AMC |
| PENNYMAC LOAN SERVICES, LLC<br>                                    Movant<br>v.<br>Milagros E. Ortiz<br>and<br>Kenneth E. West, Esquire<br><br>                                    Respondents | |

**STIPULATION IN SETTLEMENT OF
MOTION FOR IN REM RELIEF**

WHEREAS, the parties hereto and their respective counsel have agreed as to the disposition of the

In Rem Motion for Relief from the Automatic Stay filed by Karina Velter on behalf of the secured

creditor, PENNYMAC LOAN SERVICES, LLC ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as

follows:

1.      This Stipulation pertains to the property located at 5017 Loretto Avenue, Philadelphia, PA  19124,

mortgage account ending with 6529.  The full account number should be written on all

remittances to ensure that payment is properly processed.

2.      Upon approval of the United States Bankruptcy Court of the within Stipulation, Debtor and

Movant agree to the following:

(a)      The parties acknowledge and agree that the automatic stay has terminated pursuant to

section 362(c) and (j).  Movant agrees that it will not exercise its state court remedies, as

long as the Debtor continues to make regular post-petition payments pursuant to the loan

documents.

(b)     Parties acknowledge that the current regular post-petition payment is $799.90.

(c)     Parties agree that the following amounts are currently due post-petition:

| | Quantity | From | To | Amount | |
|---|---|---|---|---|---|
| Payments: | 1 | 07/01/2025 | 07/01/2025 | $799.90 | $799.90 |
| Payments: | | | | | $0.00 |
| Attorney Fees and Costs relating to Motion for Relief: | | | | | $1,549.00 |
| Less: Debtor Suspense: | | | | | $693.64 |
| **Total Post-Petition Arrearage:** | | | | | $1,655.26 |

(d)     Commencing with the 08/01/2025 payment the Debtor shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note and Mortgage.

(e)     Debtor agrees to Amend the Chapter 13 Plan to include the aforementioned post-petition delinquency representing all arrearages due through 07/01/2025.  Debtor agrees to amend the Chapter 13 Plan within thirty (30) days of the filing of this Stipulation.  Failure to amend the plan in accordance with the terms of this Stipulation shall constitute a default.

(f)     If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(g)     All post-petition payments from Debtor to Movant shall be sent to PennyMac Loan Services, LLC, P.O. Box 660929, Dallas, TX  75266-0929.

(h)     The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the contract and applicable law.  Also, all allowed fees and costs due to Movant as stated on any Post-Petition Fee Notices filed with the court shall be paid prior to the entry of a Discharge Order.

(i)     The Debtor shall timely tender all payments and comply with all conditions in accordance with the terms herein. Failure to make one post-petition payment to Creditor when due or one regular payment to the trustee when due shall constitute a default under this

Stipulation. Conversion of this case to any other chapter under the Bankruptcy Code or dismissal of this case for any reason shall constitute a default under the terms of this Stipulation. Failure to adhere to any and all conditions stated herein shall constitute a default under the terms of this Stipulation.

(j)      Upon default of any condition stated above, Creditor shall provide the Debtor and Debtor's counsel with ten (10) days written notice of default.  If the default is not cured within the ten-day period, Movant may proceed with any and all state court remedies available to Movant.

(k)      The terms of this Stipulation shall remain in full force and effect in the event the case converts to any other chapter under the Bankruptcy Code.

(l)      Attorney fees and costs for issuing a Notice of Default are recoverable and may be added to the arrearage.

(m)      Counsel for Debtor has authority to settle this matter on behalf of the Debtor.

(n)      The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:


_/s/ Brad J. Sadek, Esquire_____       _/s/ Jack K. Miller, Esquire    for_____

Brad J. Sadek, Esquire                            Kenneth E. West, Esquire
Attorney for Debtor                               Trustee
Date: 08/15/2025                                  Date: _8/26/2025_

                                                  _I have no objection to its terms, without prejudice to any of our rights and remedies._

_/s/ Karina Velter, Esquire_____

Karina Velter, Esquire
Attorney for Movant
Date: 08/15/2025


              On this_____ day of _____, 202__ , approved by the Court.


                              _____

                              United State Bankruptcy Judge
                              Ashely M. Chan